**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
HERMAN GAINES,                :
                              :
         Plaintiff,           :   Civil Action No. 13-6566(JBS)
                              :
         v.                   :
                              :
BRAD BUSNARDO, *et al.*,      :   OPINION
                              :
         Defendants.          :
_____:

**APPEARANCES:**

Herman Gaines, *Pro Se*
429989/233523C
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Thomas B. Reynolds, Esq.
Reynolds & Horn
750 Route 73 South, Suite 202A
Marlton, NJ 08053
Attorney for Defendants Busnardo, Green

**SIMANDLE, Chief Judge**

This matter comes before the Court upon Plaintiff's Motion for Summary Judgment, to appoint counsel, and for a Writ of Habeas Corpus ad testificandum (Docket Item 26), filed on March 4, 2014, and Defendants' Motion for Summary Judgment (Docket Item 31). The Court has carefully considered the Parties' motions, oppositions, and arguments. For good cause shown,

Plaintiff's motion will be denied. Defendants' motion will be granted in part, denied in part. Plaintiff's Eighth Amendment claims will be permitted to proceed; however, Plaintiff's medical malpractice claims will be dismissed.

I.   **Background**

Plaintiff argues that on or about September 10-16, 2011, he suffered a ruptured Achilles' tendon while he was a prisoner at the South Woods State Prison ("SWSP"). He states that he informed Defendants Busnardo and Green that he "felt a pop" at the back of his left ankle while playing basketball (*see* Docket Item 18, Plaintiff's Pretrial Memorandum). Plaintiff was in intense pain and his ankle was swollen. Neither Defendant performed a Range of Motion test, according to Plaintiff. They gave Plaintiff Motrin and an ACE bandage. Plaintiff notes that while Defendants claim they gave him a "brace," the actual item given to him was an ankle "sleeve," that did not provide enough support for him while walking on a ruptured tendon. (*Id.*). Plaintiff argues that Defendants, "to avoid the workload" deliberately mischaracterized his injury as a sprained ankle; however, Plaintiff believes Defendants knew that the injury was much more serious than that. Plaintiff contends that he should be permitted to present his case to a jury to prove that Defendants "lied." (*Id.*). Plaintiff continued to have pain until he was finally given crutches. He states in his pretrial

2

memorandum that he wanted to procure an expert to "deliver testimony concerning whether Motrin, and ACE bandage, and an ankle sleeve (brace) can address the serious medical need of walking on a ruptured Achilles' tendon and to also testify as to the physical ramifications and what occurs when a person bears his weight on a ruptured tendon." (*Id.*).

Defendants' Statement of Material Facts (Docket Item 31-5) reiterates Plaintiff's statements in the Complaint and in answer to interrogatories.

**II.  Plaintiff's Summary Judgment Motion**

This Court has reviewed Plaintiff's Motion (Docket Item 26), filed *pro se*. It does not appear to be a motion at all, but instead, opposition to a previously-filed Motion for Summary Judgment by Defendants which was withdrawn on September 10, 2014 (*see* Docket Item 32). In the opposition/motion, Plaintiff argues that the previously-filed Motion for Summary Judgment should have been denied, and summary judgment granted to him, instead. Plaintiff argues that Defendants "admitted themselves in the medical reports which they prepared that they were aware of plaintiff's pain and they've made no argument, in their motion, showing that an expert is required to prove the existence of pain (which defendants were deliberately indifferent to)." (Plaintiff's Brief, Docket Item 26-1).

Plaintiff also reasserts his Eighth Amendment claim, states that "it's abundantly clear that plaintiff is way out of his league and has no idea what he's doing." (Brief, p. 12).

In response to the opposition/motion filed by Plaintiff, Defendants submitted a Reply Brief (Docket Item 27), which points out that Plaintiff admittedly knew that he needed an Affidavit of Merit and attempted to secure one, and that Plaintiff's argument that he does not need a medical expert to prove the existence of his pain is meritless under Third Circuit law. (Docket Item 27 at p. 3).

### III. Defendants' Motion for Summary Judgment

Defendants filed a Motion for Summary Judgment on June 2, 2014 (Docket Item 31). They argue that Plaintiff's state law claims must be dismissed for failure to serve an appropriate Affidavit of Merit, and that Plaintiff's Eighth Amendment claims must be dismissed for failure to serve an expert report. Plaintiff did not respond to Defendants' motion.

### IV. Legal Standard & Analysis

#### 1. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving

4

party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. *See id.* Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *See id.* The Court will view any evidence in favor of the nonmoving party and extend any reasonable favorable inferences to be drawn from that evidence to that party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007).[1]

2.   Affidavit of Merit Issue

Plaintiff's claim for medical malpractice in the diagnosis and treatment of his injury arises under New Jersey law. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

Defendants assert that this action must be dismissed because Plaintiff failed to serve an Affidavit of Merit as required by N.J.S.A. 2A:53A-29 ("If the plaintiff fails to provide an affidavit or a statement in lieu thereof, pursuant to section 2 or 3 of this act, it shall be deemed a failure to state a cause of action."). Specifically, this statute provides:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide

---

[1]   This Court will deny Plaintiff's Motion for Summary Judgment as Plaintiff has not shown in the motion that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law.

5

> each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.
>
> In the case of an action for medical malpractice, the person executing the affidavit shall meet the requirements of a person who provides expert testimony or executes an affidavit as set forth in section 7 of P.L.2004, c. 17 (C.2A:53A-41). In all other cases, the person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.

N.J.S.A. 2A:53A-27. However, under certain circumstances, a sworn statement by the plaintiff may be provided in lieu of an affidavit of merit. *See* N.J.S.A. 2A:53A-28.

The New Jersey affidavit of merit statute therefore requires "plaintiffs to make a threshold showing" of merit, *Vitale v. Carrier Clinic, Inc.*, 409 F. App'x 532, 533 (3d Cir. 2010) (citation omitted), in order "'to dispose of meritless malpractice claims early in the litigation'" and "'to allow meritorious claims to move forward unhindered.'" *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 274 (3d Cir. 2002) (quoting

6

*Burns v. Belafsky*, 166 N.J. 466, 766 A.2d 1095, 1099 (2001)). *See also Fontanez v. United States*, --- F. Supp.2d ----, 2014 WL 2608386, *2 (D.N.J. May 30, 2014). The affidavit of merit statute also requires that the affidavit be filed within sixty days of the answer, but permits an extension of time "not to exceed [sixty] days" for "good cause[.]" N.J.S.A. 2A:53A-27.

Failure to file a timely affidavit of merit generally "requires dismissal of the action with prejudice." *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. Withum–Smith Brown, P.C.*, 692 F.3d 283, 305 (3d Cir. 2012); *see also* N.J.S.A. 2A:53A-29 (setting forth the consequence for a plaintiff's failure to provide an affidavit of merit). However, "four limited exceptions[,]" where applicable, excuse a plaintiff's failure to comply with the affidavit of merit statute. *Nuveen*, 692 F.3d at 305. The limited exceptions are: "(i) a statutory exception regarding lack of information; (ii) a 'common knowledge' exception;" (iii) an exception predicated upon "substantial compliance with the affidavit-of-merit requirement;" or (iv) "'extraordinary circumstances' that warrant equitable relief." *Id.* (citations omitted).

In this case, Plaintiff has failed to allege or support any of the four limited exceptions to preclude dismissal with prejudice of his medical negligence claim. Further, the mere fact of Plaintiff's *pro se* status does not constitute

7

extraordinary circumstances to overcome the affidavit of merit requirement. *See Kant v. Seton Hall University*, Civil No. 00-5204, 2009 WL 2905610 (D.N.J. Sep. 9, 2009). *See also Lee v. Thompson*, 163 F. App'x 142, 144 (3d Cir. 2006) (holding that plaintiff's status as a *pro se* litigant does not excuse his failure to file an affidavit of merit); *Allah v. MHSM, Inc.*, Civil No. 07-2916, 2008 WL 5115889, *3 (D.N.J. Dec. 2, 2008) (same as applied to a *pro se* prisoner litigant).

Therefore, because Plaintiff has not filed an Affidavit of Merit, or a substantial equivalent, and because the time to file an Affidavit of Merit has now expired, the Court will grant Defendants' Motion for Summary Judgment on the medical malpractice claim. This Court will order the dismissal of the state medical malpractice claim to be without prejudice. The Court notes, however, that Plaintiff's Complaint alleges facts that, if true, may support his Eighth Amendment denial of medical care claim under 42 U.S.C. § 1983. Accordingly, Plaintiff's Eighth Amendment claims will proceed at this time.

    3.   Eighth Amendment Claim

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Rouse v. Plantier*, 182 F.3d 192 (3d Cir. 1999). In order to set forth a cognizable claim for a violation of his

8

right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle*, 429 U.S. at 106; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the *Estelle* inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

The second element of the *Estelle* test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. *See Natale*, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. *See Andrews v. Camden County*, 95 F. Supp.2d 217, 228 (D.N.J. 2000); *Peterson v. Davis*,

9

551 F. Supp. 137, 145 (D. Md.1982), *aff'd*, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105–06; *White*, 897 F.3d at 110.

The Court of Appeals for the Third Circuit has found deliberate indifference in addressing a serious medical condition where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment. *See Rouse*, 182 F.3d at 197. The Court of Appeals also has held that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment. *See Atkinson*, 316 F.3d at 266; *see also Monmouth County Correctional*

*Institutional Inmates*, 834 F.2d at 346 ("deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment"); *Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993); *White v. Napoleon*, 897 F.2d 103 (3d Cir. 1990).

Here, the Court finds that there are material facts in dispute as to Plaintiff's treatment, and whether or not the delay caused by Defendants in providing him crutches was deliberately indifferent to his serious medical needs. As such, this Court will allow the Eighth Amendment claims to proceed through litigation.

    4.   <u>Appointment of Counsel</u>

In addition, this Court has reviewed Plaintiff's application to proceed *in forma pauperis*, filed April 14, 2014, and finds that Plaintiff qualifies for pauper status. Because Plaintiff's request for an attorney in his Motion for Summary Judgment is incomplete, the Clerk will be requested to provide Plaintiff with a blank form to be used by a prisoner filing an application for pro bono counsel in a civil rights case (DNJ-ProSe-001-04-(9/00)), and Plaintiff will be permitted to file a renewed Motion to Appoint Counsel.

**IV.     Conclusion**

    For the reasons set forth above, and for other good cause shown, it is hereby ordered that Plaintiff's Motion for Summary Judgment will be denied, without prejudice. Defendants' Motion for Summary Judgment will be granted as to Plaintiff's medical malpractice claim, which will be dismissed without prejudice. The remaining constitutional claims under the Eighth Amendment will proceed. Plaintiff's application to proceed *in forma pauperis* will be granted.

    An Order consistent with this Opinion will be entered.


                                         **s/ Jerome B. Simandle**
                                         JEROME B. SIMANDLE, Chief Judge
                                         United States District Court

Dated:   December 23, 2014