IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

HERMAN GAINES,

                    Plaintiff,

          v.

BRAD BUSNARDO, et al.,

                    Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 13-6566 (JBS-JS)

**OPINION**

APPEARANCES:

HERMAN GAINES, Plaintiff Pro Se
429989/ 233523C
NJSP
P.O. BOX 861
Trenton, New Jersey 08625

THOMAS B. REYNOLDS, ESQ.
REYNOLDS & HORN, P.C.
750 Route 73 South, Suite 202A
Marlton, New Jersey 08053
Attorney for Defendants Brad Busnardo and Mary Ellen Green

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

This matter comes before the Court on Plaintiff Herman

Gaines' ("Plaintiff") Motion to Amend the Complaint (Docket

Entry 54), and the Cross-Motion of Defendants Brad Busnardo and

Mary Ellen Green ("Defendants") Cross-Motion for Reconsideration

of this Court's order denying summary judgment in part. (Docket

Entry 57). Defendants oppose Plaintiff's motion, (Docket Entry

57), and Plaintiff opposes the cross-motion. (Docket Entry 58) These motions are being considered on the papers pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, the motions will be denied.

## II.   BACKGROUND

### A. Procedural History

Plaintiff filed a complaint in the Superior Court of New Jersey, Cumberland County on September 3, 2013, raising violations of the Eighth Amendment and state medical malpractice claims. He alleged Defendants, medical professionals at South Woods State Prison, denied him adequate medical care by mistreating a ruptured Achilles' tendon. (Docket Entry 1 at 6). He further alleged an officer at South Woods, Defendant John Doe, was negligent and deliberately indifferent to his serious medical needs by forcing him to walk to the medical unit on his ruptured tendon instead of summoning the medics to Plaintiff's location. (Docket Entry 1 at 10). On October 31, 2013, Defendants filed a notice of removal to this Court pursuant to 28 U.S.C. § 1446. (Docket Entry 1). This Court screened the complaint pursuant to 28 U.S.C. § 1915A and permitted the case to proceed. (Docket Entry 5).

On November 4, 2013, Magistrate Judge Joel Schneider issued a scheduling order setting the deadline for amending the pleadings for February 3, 2014. (Docket Entry 3 ¶ 2). The

2

deadline for factual discovery was set for April 30, 2014.
(Docket Entry 3 ¶ 3). By Order dated December 27, 2013,
Magistrate Judge Schneider extended the deadline for amending
the pleadings to March 3, 2014 and the deadline for factual
discovery until May 30, 2014. (Docket Entry 9 ¶¶ 2-3). Thus, the
parties had seven months, from November 2013 through May 2014 to
complete discovery, including the deposition of Plaintiff that
Defendants now seek. Defendants filed their pretrial memorandum
on January 29, 2014, (Docket Entry 17), and Plaintiff filed his
pretrial memorandum on February 3, 2014, (Docket Entry 18).

During the period for obtaining factual discovery, on
February 11, 2014, Defendants filed a motion for summary
judgment arguing that as Plaintiff had not provided an affidavit
of merit nor retained an expert, they were entitled to judgment
as a matter of law. (Docket Entry 20). Plaintiff filed a cross-
motion for summary judgment on March 4, 2014. (Docket Entry 26).
Defendants filed another motion for summary judgment, raising
the same arguments as before, on June 2, 2014, (Docket Entry
31), and withdrew their previous motion on September 10, 2014.
(Docket Entry 32). By Opinion and Order dated December 23, 2014,
this Court granted Defendants' motion in part and denied it in
part by dismissing Plaintiff's state medical malpractice claims,
but permitting his Eighth Amendment claim to proceed. (Docket
Entries 33 and 34).

On January 6, 2015, Magistrate Judge Schneider issued an amended scheduling order requiring Plaintiff's portion of the final pretrial order by February 6, 2015. (Docket Entry 37). The Joint Final Pretrial Order was scheduled to be filed by February 27, 2015. (Docket Entry 37). On January 15, 2015, Defendants requested via letter to Magistrate Judge Schneider for leave to "proceed with Factual and Expert Discovery to further investigate and analyze the sufficiency of the basis or merits of the claims asserted in this matter." (Docket Entry 38). They also requested leave to "file a substantive Motion for Summary Judgment, based upon the Merits as developed through meaningful Discovery." (Docket Entry 37). Magistrate Judge Schneider denied the request to conduct late discovery on January 20, 2015. (Docket Entry 38). Defendants did not appeal that order.

On February 2, 2015, Plaintiff filed a motion to amend the complaint. (Docket Entry 40). Defendants filed their opposition to Plaintiff's motion together with a motion for reconsideration of this Court's summary judgment determination, or, in the alternative, for a reopening of discovery. (Docket Entry 42). Plaintiff filed his opposition to Defendants' motion, (Docket Entry 43), and Defendants filed a sur-reply with leave of court, (Docket Entry 47). Plaintiff filed a sur-reply as well. (Docket Entry 50).

While those motions were pending before the Court,
Plaintiff filed another motion to amend his complaint along with
a motion asking this Court to order South Woods State Prison to
answer his administrative remedy requests. (Docket Entry 54).[1]
Defendants re-submitted their cross-motion for reconsideration
simultaneously with their opposition to Plaintiff's motion.
(Docket Entries 56 and 57).[2]

**B. Factual Background**

1.   *Motion to Amend the Complaint*

Plaintiff seeks leave to amend his complaint to include
specific damage amounts: $100,000 in compensatory damages per
defendant, $100,000 in punitive damages per defendant, $100,000
for pain and suffering per defendant, and $100,000 in emotional
distress damages per defendant. (Docket Entry 54 at 28).[3] The
remainder of the proposed amended complaint is virtually
identical to the original complaint, including the state medical
malpractice causes of action that have been dismissed by this
Court. He also asks this Court to order South Woods State Prison
to answer his previously filed administrative remedies.

---

[1] The Court deems the previous motion to amend, Docket Entry 40,
withdrawn as superseded by Docket Entry 54.
[2] The Court deems the previous cross-motion for reconsideration,
Docket Entry 47, withdrawn as superseded by Docket Entry 57.
[3] Plaintiff's original complaint simply stated "Plaintiff
believes he should be compensated financially for each claim of
action." (Docket Entry 1 at 11).

Defendants object to Plaintiff's motion. They argue that amendment of the complaint is futile, due to the inclusion of the previously dismissed state law claims, and unduly prejudicial as the inclusion of punitive damages at this late stage in the litigation deprives them of the ability to defend themselves and prepare their case. (Docket Entry 56-4 at 11-15). They request that in the event Plaintiff is given leave to amend his complaint, they be given additional discovery time in order to depose Plaintiff regarding his basis for punitive damages. (Docket Entry 56-4 at 13-14).

Plaintiff asserts he included the state claims in his proposed amended complaint solely to preserve the issue of their dismissal for review by the Third Circuit Court of Appeals. (Docket Entry 54 at 26).

2.  *Cross-Motion for Reconsideration or Extension of Discovery*

Defendants' cross-motion asks this Court to reconsider its December 23, 2014 order denying summary judgment on Plaintiff's Eighth Amendment claim. As they did in their motion for summary judgment, Defendants argue Plaintiff's failure to retain an expert is fatal to his complaint. (Docket Entry 56-4 at 19). They also advance arguments that were not presented in their motion for summary judgment.

Defendants argue that Plaintiff's complaint is not a deliberate indifference claim but instead a dispute over the adequacy of the treatment provided, as Plaintiff acknowledges he was given an ACE wrap and ankle brace and was offered Motrin and ice. (Docket Entry 56-4 at 16-17). "There is no genuine issue of material fact that Moving Defendants did indeed treat Plaintiff's pain. Accordingly, Plaintiff's claims of 8th Amendment violations involve solely a dispute over the adequacy of the medical treatment provided." (Docket Entry 56-4 at 16). They also contend Plaintiff has failed to "provide any verifying medical evidence that the pain he suffered was caused by inadequate medical treatment as opposed to the Achilles' tendon rupture itself. Accordingly, the 8th Amendment claim must be dismissed." (Docket Entry 56-4 at 17-18). They also argue for the first time before this Court that they are entitled to qualified immunity on Plaintiff's Eighth Amendment claim. (Docket Entry 56-4 at 22).

Defendants request that in the event this Court denies their motion for reconsideration, the Court reopen discovery to permit them to depose Plaintiff on his grounds for punitive damages and amount of damages. (Docket Entry 56-4 at 24-25).

Plaintiff objects to Defendants' requests as the discovery deadline has long since passed and "Defendants had ample opportunity to depose Plaintiff prior to their motion for

summary judgment but chose not to . . . ." (Docket Entry 58 at 12). He states the proposed amended complaint contains no new allegations, just "characterization[s] of options of treatment which Busnardo could have provided to address my serious medical need(s), but for whatever reason, chose not to." (Docket Entry 58 at 12).

## III. STANDARDS OF REVIEW

Regarding Plaintiff's motion to amend his complaint, Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course twenty-one (21) days after serving the pleading or twenty-one (21) days "after a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. Pro. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). A motion to amend made after a scheduling order deadline has passed, however, must also meet Rule 16's "good cause requirement." *Dimensional Commc'ns, Inc. v. OZ Optics, Ltd.,* 148 F. App'x 82, 85 (3d Cir. 2005) (citing

8

*E. Minerals & Chems. Co. v. Mahan,* 225 F.3d 330, 340 (3d Cir. 2000)).

Defendants' motion for reconsideration is governed by Local Civil Rule 7.1(i) which allows a party to seek a motion for reargument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked . . . ."[4] Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See DeLong Corp., v. Raymond Int'l Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981) (en banc); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993). To prevail on a motion for reconsideration, the movant must show:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

*U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Café ex rel. Lou-*

---

[4] Defendants cite to Federal Rule of Civil Procedure 54(d) for their motion. As that subsection refers to Costs and Attorney's Fees, the Court presumes they intended to reference subsection (b). However, Local Civil Rule 7.1(i) governs the Court's review of motions for reconsideration.

*Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). Reconsideration motions may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment. *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *see also Mauro v. N.J. Supreme Court*, 238 F. App'x 791, 793 (3d Cir. 2007).

## IV. DISCUSSION

### A.   Motion to Amend Complaint

This litigation has been ongoing for nearly two years, and dispositive motions have been filed and adjudicated by this Court. The time for amending the pleadings has long since passed. (*See* Docket Entry 9 ¶¶ 2-3). Even if the litigation was not at this late stage, Plaintiff has not demonstrated good cause for amendment under Federal Rule of Civil Procedure 16.

Plaintiff indicates he included the dismissed claim in his amended complaint in order to preserve his ability to challenge the dismissal of his state claims on appeal. (Docket Entry 54 at 26). It is understandable that Plaintiff is concerned about properly preserving issues for appellate review, however it is not necessary to include previously dismissed claims in an

10

amended complaint in order to do so. The December 23, 2014 order
and opinion will be reviewable by the Third Circuit after the
entry of a final order and the filing of a timely appeal by
either party. "[A] party is entitled to a single appeal, to be
deferred until final judgment has been entered, in which claims
of district court error at any stage of the litigation may be
ventilated." *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511
U.S. 863, 868 (1994); *see also Behrens v. Pelletier*, 516 U.S.
299, 305 (1996) (noting "fully consummated decisions [that] are
but steps towards final judgment" merge with final judgment on
appeal (alteration in original) (internal quotation marks
omitted)); *Calma v. Holder*, 663 F.3d 868, 873 (7th Cir. 2011)
("Interim rulings and alternative theories alike are folded into
the final judgment . . . ."); *Lazy Oil Co. v. Witco Corp.*, 166
F.3d 581, 585 (3d Cir.) (citing *Behrens*), *cert. denied*, 528 U.S.
874 (1999). Thus there is no good cause to permit the filing of
an amended complaint that includes the state medical malpractice
claims.

     Additionally, the inclusion of the state medical
malpractice claims renders amendment of the complaint futile.
"'Futility' means that the complaint, as amended, would fail to
state a claim upon which relief could be granted. In assessing
'futility,' the District Court applies the same standard of
legal sufficiency as applies under Rule 12(b)(6)." *Shane v.*

11

*Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). The proposed amended complaint includes the state medical malpractice claims this Court dismissed in its December 23, 2014 order and opinion. (Docket Entries 33 and 34). Plaintiff did not seek reconsideration of the Court's order, and he explicitly states he is not seeking reconsideration of that order at this time. (Docket Entry 54 at 26).

When an amended complaint is filed, however, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. *See W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (collecting cases). *See also* 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2008). Permitting the filing of the amended complaint would, in effect, reinstate the state medical malpractice claims. These claims would once again be vulnerable to a motion to dismiss made by Defendants, again resulting in their dismissal due to Plaintiff's failure to submit an affidavit of merit as required by N.J. Stat. Ann. § 2A:53A-27. Therefore amendment of the complaint would be futile. *See Shane*, 213 F.3d at 115.

Likewise, it is unnecessary for Plaintiff to allege a specific amount of damages in his complaint. Federal Rule of

Civil Procedure 54 states that other than a default judgment, "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). Plaintiffs cannot recover for claims they never alleged; however, courts should grant the relief justified by the facts for any claim stated. *See USX Corp. v. Barnhart*, 395 F.3d 161, 165 (3d Cir. 2004) ("The rule was meant to protect a plaintiff from clumsy pleading, which, through technical oversight, might deprive it of a deserved recovery."), *cert. denied*, 546 U.S. 935 (2005); *see also Cancellier v. Federated Dep't Stores*, 672 F.2d 1312, 1319 (9th Cir.) ("No specific prayer for emotional distress or punitive damages is needed. A final judgment must grant the relief to which the prevailing party is entitled, 'even if such party has not demanded such relief in his pleadings.'" (quoting Fed. R. Civ. P. 54(c)), *cert. denied*, 459 U.S. 859 (1982). In the event Plaintiff is successful at trial, a jury will determine the amount of damages to which he is entitled, if any, including punitive damages.[5]

---

[5] The Court specifically finds that Plaintiff's reference in the original complaint, "Plaintiff believes he should be compensated financially for each claim of action," (Docket Entry 1 at 11), includes punitive damages. Moreover, Defendants understood Plaintiff to be seeking punitive damages, as will be discussed *infra* Part IV.C. It is therefore unnecessary to allow amendment of the complaint to include punitive damages as Plaintiff's complaint already seeks punitive damages. As with compensatory

As Plaintiff has not demonstrated good cause for amendment of the complaint, Fed. R. Civ. Pro. 16(a)(4), and said amendment would be futile in any event, the Court finds it is not in the interests of justice to permit the amendment of the complaint as proposed by Plaintiff. Fed. R. Civ. Pro. 15(a)(2). Plaintiff's motion to amend the complaint is denied.

Plaintiff has also asked this Court to order South Woods State Prison, a non-party to this action, to respond to his administrative remedy requests in order that his administrative remedies may be deemed fully exhausted. (Docket Entry 54 at 5-12). Assuming without deciding this Court has the authority to order the prison to answer under the All Writs Act, 28 U.S.C. § 1651,[6] the Court declines to do so.

The Prison Litigation Reform Act ("PLRA") states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

---

damages, the amount is for a jury to determine in the event Plaintiff has set forth sufficient evidence warranting punitive damages.

[6] *See United States v. N.Y. Tel. Co.*, 434 U.S. 159, 174 (1977)("The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice.").

42 U.S.C. § 1997e(a). Failure to exhaust, however, is an affirmative defense that must be pled by defendants. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). "Failure to raise an affirmative defense by responsive pleading or by appropriate motion generally results in the waiver of that defense." *Charpentier v. Godsil*, 937 F.2d 859, 863 (3d Cir.1991). The Third Circuit, however, has not yet decided whether failure to raise the exhaustion defense in the first responsive pleading constitutes a waiver. *See McCargo v. Guelich*, 47 F. App'x 96 (3d Cir. 2002); *see also Drippe v. Tobelinski*, 604 F.3d 778 (3d Cir. 2010) (declining to read a strict timing requirement into the PLRA for prosecution of the affirmative defense of failure to exhaust).

Defendants did not include failure to exhaust administrative remedies in their answer, (*see* Docket Entry 1-4); in their motion for summary judgment, (*see* Docket Entry 31); either of their motions for reconsideration, (*see* Docket Entries 42, 56, and 57); or in their opposition to Plaintiff's motion, (Docket Entry 56-4 at 15). They have not contested Plaintiff's assertion that prison officials failed to respond to his grievances. (Docket Entry 54 at 7-12). Therefore there is no

reason to order South Woods to respond to Plaintiff's administrative remedy requests.[7]

**B.   Motion for Reconsideration**

Defendants request this Court reconsider its December 23, 2014 order denying their motion for summary judgment as to Plaintiff's Eighth Amendment claims. (Docket Entry 57). Under Local Civil Rule 7.1(i), motions for reconsideration are required to be filed within fourteen (14) days after entry of the order or judgment. Defendants originally filed their motion on February 17, 2015, almost two months after the order denying summary judgment. (Docket Entry 42). The present cross-motion,

---

[7] The Court further notes that "[t]he PRLA does not require exhaustion of all remedies. Rather, it requires exhaustion of such administrative remedies 'as are available.'" *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002) (quoting 42 U.S.C. § 1997e(a)); *see also Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000). "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Todd v. Benning*, 173 F. Appx. 980, 982–83 (3d Cir. 2006); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) ("[A] remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a) . . . . .") (alterations in original). Examples of affirmative misconduct on the part of prison officials include refusing to provide appropriate grievance forms when requested, *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003), and failing to file or respond to a prisoner's grievances, *Camp*, 219 F.3d at 280–81 (finding that administrative remedies were unavailable where prison officials refused to file plaintiff's grievances).

16

filed July 6, 2015, (Docket Entry 57), is even more untimely. An untimely filed motion for reconsideration "may be denied for that reason alone." *Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996); *see also Wright v. Camden City Police Dep't*, 2007 WL 1582975, *1 (D.N.J. May 31, 2007). Defendants have set forth no facts justifying their delay, therefore this Court will deny their motion for reconsideration as untimely.

Even if their motion had been timely, Defendants do not meet the high standard required for relief on a motion for reconsideration. They do not set forth an intervening change in the controlling law, nor do they argue evidence is now available that was not available when the Court made its summary judgment decision. *See U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014); *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010). ("[N]ew evidence," for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available."). To prevail under the "manifest injustice" prong, the Defendants must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not

17

considered." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted).

As they did in their motion for summary judgment, Defendants argue that Plaintiff's failure to retain a medical expert is fatal to his Eighth Amendment claim. (*See* Docket Entry 31-4 at 8-17; Docket Entry 56-4 at 19-22). The Court considered this argument in its Opinion and Order denying summary judgment on Plaintiff's Eighth Amendment claim, and Defendants have not pointed to any fact or controlling legal authority this Court overlooked.

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *P. Schoenfeld*, 161 F. Supp. 2d at 352 (quoting *G-69 v. Degnan,* 748 F. Supp. 274, 275 (D.N.J. 1990)). "A motion for reconsideration is improper when it is used solely to ask the court to rethink what it has already thought through—rightly or wrongly." *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 415 (D.N.J. 2005). The proper procedure would be to challenge the ruling through the normal appellate process.

Defendants attempt to raise new arguments in their motion for reconsideration additionally warrants denial of their

18

motion. Motions for reconsideration "are *not* an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers." *Bowers v. Nat'l Collegiate Athletic Assoc.*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001) (emphasis in original); *see also Mauro v. N.J. Supreme Court*, 238 F. App'x 791, 793 (3d Cir. 2007). In interpreting the rule, courts have held that a judge can only "overlook" matters as to facts and legal arguments which were appropriately presented to the court at the time the motion for which reconsideration is sought was initially decided. Therefore, courts have rejected moving parties' efforts to expand the reconsideration motion to include matters that were not presented before the court in the original motion, but were submitted after the motion has been decided. *See P. Schoenfeld*, 161 F. Supp. 2d at 352; *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988).

Defendants' new arguments, *i.e.*, that Plaintiff's complaint only alleges disagreement with the provided medical care, that they are entitled to qualified immunity, and that Plaintiff has failed to allege a physical injury at their hands, are improper in a motion for reconsideration.  These arguments could have been and should have been presented to this Court in the motion for summary judgment, and nothing in Defendants' current moving papers indicates why these arguments were not presented to the

19

Court at that time. This Court cannot and will not reconsider its summary judgment determination based on Defendants' late presentation. Defendants' motion for reconsideration is denied.

## C.   Motion for Extension of Discovery

Defendants also move for an extension of discovery.[8] They assert additional time is needed "in order to depose the Plaintiff and take any further steps necessary for discovery purposes." (Docket Entry 56-4 at 27). They indicate they need to depose Plaintiff regarding his "new" claim for punitive damages. (Docket Entry 42 at 27).

Federal common law, as opposed to state law, governs the issue of damages in an action brought under § 1983. *See Basista v. Weir*, 340 F.2d 74, 86–87 (3d Cir. 1965) (recognizing that on a cause of action under § 1983 "the federal common law of damages commands the issue"). Thus to the extent Defendants rely on New Jersey's Punitive Damages Act, N.J. STAT. ANN § 2A:15-5.9 – 5.17, their arguments fail. Individual public officers are liable for punitive damages under § 1983 for their misconduct on the same basis as other individual defendants. *Smith v. Wade*, 461 U.S. 30, 35 (1983). Punitive damages are only awarded,

---

[8] Defendants previously requested an extension of discovery from Magistrate Judge Schneider on January 15, 2015, seven months after fact discovery concluded on May 30, 2014. (*See* Docket Entry 9 ¶ 3; Docket Entry 37). May 30, 2014 was also the deadline for filing motions pursuant to Local Civil Rule 37.1(a)(1). (Docket Entry 9 ¶ 3).

however, if the defendant's conduct is particularly egregious. *Id.* at 56.

To recover punitive damages, a state defendant's conduct must have been "motivated by evil motive or intent" or it must have "involve[d] reckless or callous indifference to the federally protected rights of others." *Ibid.* It is generally a question of fact as to whether a defendant's conduct was motivated by an evil motive or involves reckless indifference. *Coleman v. Rahija,* 114 F.3d 778, 787 (3d Cir. 1997).

Defendants' characterization of Plaintiff's demand for punitive damages as being a "new claim" is a misrepresentation of the record, including Defendants' previous submissions to this Court. *See* Fed. R. Civ. Pro. 11(b)(3). In their answer to Plaintiff's complaint, Defendants' assert as their thirty-fourth defense: "The answering Defendants did not act with malice but did act in good faith, therefore, the Plaintiff is not entitled to damages." (Docket Entry 1 at 28). The denial of the requisite state of mind for the imposition of punitive damages is a clear recognition by Defendants that Plaintiff sought punitive damages in his complaint.[9] Moreover, Defendants specifically stated in

---

[9] Furthermore, to establish deliberate indifference liability under § 1983 on Plaintiff's Eighth Amendment claim, the jury must find that Defendants were subjectively reckless, *i.e.*, that they "disregard[ed] a risk of harm of which [they were] aware." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). As the award of punitive damages may be based on a determination of recklessness

their pretrial memorandum submitted on January 29, 2014 that
"*Plaintiff is seeking punitive damages*." (Docket Entry 17 at 4
(emphasis added)). To claim now they had no awareness of
Plaintiff's demand during the discovery period and to seek an
extension of discovery on that basis is clearly contradicted by
the record. The Court finds that Defendants were well aware of
Plaintiff's claim for punitive damages, and their failure to
seek discovery regarding that claim during the discovery period
is not good cause for extending discovery now that their summary
judgment motion has proved unsuccessful.

Defendants attempt to blame this Court for their failure
to conduct full discovery in the time allotted to them. (Docket
Entry 42 at 27). Defendants removed the case to this Court on
October 31, 2013 and the date for conclusion of discovery was
extended to the final end date of May 30, 2014. Defendants could
have easily used the discovery period to "proceed with Factual
and Expert Discovery to further investigate and analyze the
sufficiency of the basis or merits of the claims asserted" and
filed one "substantive Motion for Summary Judgment, based upon
the Merits as developed through meaningful Discovery" at the

---

on the part of Defendants, there was sufficient notice of the
potential for a punitive damages claim inherent in Plaintiff's
Eighth Amendment claim. Therefore even if Defendants had not
explicitly stated they were aware of the demand for punitive
damages, they could have pursued discovery of the claim during
the set time for discovery.

close of discovery. (*See* Docket Entry 37). Instead, Defendants chose to file their summary judgment motion without taking discovery upon the merits of Plaintiff's complaint. It is true that a motion for summary judgment may be filed at any time until 30 days after the close of discovery, Fed. R. Civ. Pro. 56(b), however this does not excuse Defendants' failure to use the discovery period wisely. Defendants also did not seek a stay of discovery while the summary judgment motion was pending. The mere fact that summary judgment was denied does not entitle Defendants to reopen discovery many months after it ended.

## V. CONCLUSION

For the reasons stated above, Plaintiff's motion to amend the complaint is denied. Defendants' motion for reconsideration and motion for an extension of the discovery period are denied. An accompanying Order will be entered.

Plaintiff may again seek appointment of counsel as such assistance may be warranted in attempting to resolve this case by negotiation or in preparing for trial.

<table>
<tr><td>September 29, 2015</td><td>s/ Jerome B. Simandle</td></tr>
<tr><td>Date</td><td>JEROME B. SIMANDLE<br>Chief U.S. District Judge</td></tr>
</table>